OPINION
{¶ 1} Defendant-appellant Kwi H. Knapke appeals from a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, affirming the imposition of a Judgment and Decree of Divorce filed on July 10, 2007. Kwi filed a timely notice of appeal with this Court on August 7, 2007, and she subsequently filed her appellate brief on January 22, 2008. On January 29, 2008, plaintiff-appellee Thomas P. Knapke filed a notice with this Court *Page 2 
in which he stated that he had elected not to file a responsive brief. In the notice, however, Thomas asserted that none of the arguments advanced in Kwi's brief rose to the level of an abuse of discretion by the trial court.
 I {¶ 2} Thomas and Kwi were married on April 25, 1980, in Seoul, South Korea. Two children were born of the marriage, but at the time of the parties' divorce, both children were emancipated. Thomas filed a complaint for divorce on May 4, 2006.
 {¶ 3} A final hearing on the divorce was held on April 16, 2007. The hearing was attended by Thomas and Kwi, and both parties were represented by counsel. A proposed settlement agreement was presented to the trial court that had been signed by both parties, as well as their respective counsel. By the close of the hearing, the parties agreed to the terms of the proposed divorce decree which encompassed all of the assets accumulated by Thomas and Kwi over the course of their marriage.
 {¶ 4} On July 10, 2007, the final divorce decree was filed which provided for the division of marital assets as agreed to by the parties at the final divorce hearing. It is from this judgment that Kwi now appeals.
 II {¶ 5} Kwi's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN ACCEPTING THE TERMS OF THE DIVORCE AND FINAL DECREE WITHOUT A VALID CONTRACT."
 {¶ 7} In her sole assignment, Kwi contends that the trial court abused its discretion *Page 3 
when it accepted the settlement agreement based on the testimony adduced at the final hearing on April 16, 2007. Specifically, Kwi argues that she did not fully understand the terms of the settlement agreement, and she was not sure that the terms were both fair and equitable. Although she ultimately consented to the terms as proposed, Kwi asserts that she did so only in an effort to end the otherwise difficult proceedings and move on with her life. Kwi argues that the record of the hearing reflects that she clearly misunderstood the terms of the settlement agreement, and the trial court abused its discretion "by accepting the divorce and terms thereof." We disagree.
 {¶ 8} When parties enter into an in-court settlement, the court has the discretion to accept it without finding it to be fair and equitable, so long as the court is satisfied that it was not procured by fraud, duress, overreaching, or undue influence. MacNealy v. MacNealy (October 31, 1997), Clark App. No. 96 CA 125. "Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. * * * In the absence of fraud, duress, overreaching, or undue influence, * * * the court may adopt the settlement as its judgment." Id.
 {¶ 9} In the case at bar, Kwi does not specifically assert that the divorce decree was procured by fraud, duress, overreaching, or undue influence. Rather, she simply contends that she did not fully and completely comprehend the terms of the agreement. Kwi asserts that the trial court should have known, based on the testimony she provided at the hearing, that she was confused and upset throughout the course of the hearing and did not willingly enter into the settlement. Thus, the divorce decree is not a valid contract and should be vacated.
 {¶ 10} Contrary to her assertions, the record reflects that Kwi was adequately advised by *Page 4 
her own counsel and the trial court regarding the terms of the proposed divorce decree. Moreover, the trial court made every effort to ensure that Kwi understood the settlement agreement as it was drafted. This is illustrated by the following exchange during the hearing:
 {¶ 11} "The Court: Okay. And you have reviewed Joint Exhibit 1 [the divorce agreement], correct?
 {¶ 12} "Kwi: Yes.
 {¶ 13} "The Court: You understand it?
 {¶ 14} "Kwi: I understand fully.
 {¶ 15} "The Court: That is your signature that's on it?
 {¶ 16} "Kwi: Yes.
 {¶ 17} "The Court: You understand that the changes to that exhibit, that proposed Decree that were handwritten in regarding your car, and the amount of —
 {¶ 18} "Kwi: Yes, I understand.
 {¶ 19} "The Court: — spousal support?
 {¶ 20} "Kwi: Yes.
 {¶ 21} "The Court: You understand all of that and that's your agreement; is that correct, ma'am?
 {¶ 22} "Kwi: I'm not happy about it, but I want to get over with.
 {¶ 23} * * *
 {¶ 24} "The Court: This is a voluntary act on your part.
 {¶ 25} "Kwi: Uh-huh.
 {¶ 26} "The Court: If you don't fully agree with this, then we shouldn't do it. *Page 5 
 {¶ 27} "Kwi: I'm not happy. I have to pay car — for the $8,000 to buy the car.
 {¶ 28} "The Court: You're not paying for the car, ma'am. In exchange for him [Thomas] keeping his bank account, you keep the car. You understand that, ma'am?
 {¶ 29} "Kwi: Yes.
 {¶ 30} "The Court: That is your agreement, ma'am?
 {¶ 31} "Kwi: Yes.
 {¶ 32} "The Court: I understand that this is painful for you, but I want to be clear that this — once you've signed this and this is your agreement, that's it.
 {¶ 33} "Kwi: Yes, ma'am. I just want to get over with.
 {¶ 34} "The Court: Do you find this agreement to be fair and equitable?
 {¶ 35} "Kwi: It's not fair, but I have this choice.
 {¶ 36} "The Court: You do have a choice, ma'am. You do have a choice.
 {¶ 37} "Kwi: I think I accept it, whatever it is, and get over with.
 {¶ 38} "The Court: Let me say this to you again.
 {¶ 39} "Kwi: Yes, ma'am.
 {¶ 40} "The Court: Do you find Joint Exhibit 1 to be fair and equitable —
 {¶ 41} "Kwi: Yes.
 {¶ 42} "The Court: — dividing all of your assets, marital assets?
 {¶ 43} "Kwi: Yes.
 {¶ 44} "The Court: Thank you, ma'am. You may step down. * * *"
 {¶ 45} It is clear from the above exchange that Kwi, while clearly unhappy with the situation, understood the terms of the settlement agreement that she had reviewed with her *Page 6 
attorney and signed prior to the hearing. It should be noted that other than Kwi's mere assertions, she fails to identify exactly what she did not understand regarding the terms of the agreement. The record establishes that Kwi had the opportunity to read the agreement with her attorney before the hearing occurred. Joint Exhibit 1 which incorporates the terms of the divorce decree bears her signature. During the hearing, the trial court spent a good deal of time questioning Kwi regarding her understanding of the agreement and whether it was her express intention to adopt its terms. Kwi stated repeatedly that she understood the terms and found them to be fair and equitable. There is no evidence that Kwi's acceptance of the terms of the divorce was procured by fraud, duress, undue influence, or overreaching on the part of Thomas or the trial court. Thus, the trial court did not abuse its discretion in accepting the terms of the divorce and final decree.
 {¶ 46} Kwi's sole assignment of error is overruled.
 III {¶ 47} Kwi's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, PJ., concurs.
 GRADY, J., concurs in judgment only. *Page 1